We'll call the first case 20-1387 United States v. Schwabe. If I'm getting that right, Mr. Birch? Good morning, Your Honor. I believe it's Schwabe, but I knew which case you were talking about. Proceed. I'm sorry, I missed that. There was a break in the audio. Please proceed. Thank you. May I please the court? I would like to reserve time, and I will do my best to look out for the clock. But this morning, I hope to use my time to sort of take a step back and make maybe a broad argument. This will be this court's first opinion on a CAFRA attorney fee award. And the Supreme Court hasn't spoken on the issue. So I think that it really sets the tone for going forward for forfeiture defense attorneys and forfeiture prosecutors, at least in this circuit. And I think that affirming the order... Why would we change our rules that we normally apply when we determine fees and costs in a civil case? Well, I think that the statute calls for some different considerations. And as I tried to emphasize in my briefing, forfeiture cases are unique in a lot of ways. And I think that when I look at some of the court's precedents, I think that both the Supreme Court and the Tenth Circuit, they're thinking about and talking about the statute and the context in which a fee shifting or a fee award is made. And that it sort of informs on the parameters of how of how they're kind of approaching fee awards. At least that's my... Mr. Birch, may I ask you a question about your understanding of 2465? Is the provision at issue here, the provisions at issue? Do you contend that the statute is clear on its face or that we need to go outside the statute to consider CAFRA's purpose and various presumptions about fees and costs and prevailing parties and things like that? Or is the statute clear on its face? I'm not sure I understand the question. I just... I think that the court is... I mean, perhaps an example is an order. When I look at this court's Market Center case, the court ended up doing a document sort of like a... I don't want to say a hybrid post where they say that, well, they're going to take what the statute says, but we're also going to take it up into Johnson factors. And they do that because they look at the statute and they consider like the type of case and make some distinctions between bankruptcy law and the civil rights fee shifting statute that some of the precedents had interpreted. So if I'm understanding you correctly, I would just say that, I mean, it obviously says just a reasonable fee, which doesn't in itself give guidance, but I just don't think that the court should ignore what context and what type of a case it is. So the statute is ambiguous then? And we need to look at policy considerations beyond the words in the text? Well, I think so. I mean, particularly when a court is saying that we're issuing an award in the context of a statute that had a particular purpose. And I think if the award encourages the abuse of forfeiture, which CAFRA was specifically designed to stop, I think the courts should not do that. So I'm not sure I'm understanding exactly what you're getting at, but I do think that the context... Yes or no? Well, the statute says reasonable fees, but I suppose it doesn't define reasonable fees. I mean, it's not as ambiguous as it says. Correct. It doesn't. And so Congress hasn't told us, right? Yes, that's correct. And so then we go back to the precedents that we have to determine fees and costs. Yes, and I believe the precedents look to statutory purpose in certain situations. And I think that the precedents of both Supreme Court and 10th Circuit discuss considerations about the types of cases in which the fee award is being issued. And that informs on the courts, the way the courts have enacted rules regarding issuing fees. Let me ask you this. One of the complaints is that your hourly rate was improperly cut. And the district court basically decided that because of the locale and the rates in the locale that your fee, and other reasons, but that was one of them, that your fee was too high. Is that type of approach inappropriate under CAFRA, do you think? Well, what I think is inappropriate is the court ignoring that this was a forfeiture case and saying that I'm just going to kind of arbitrarily pick another kind of case and sort of take the generally what an average hourly rate is. When there was actually evidence reflecting what rates are in forfeiture cases, both in the case law and in the evidence. And so I think what was... But as regards rates, don't district courts in this circuit always look at the rates that are applicable in the market, in the present market, and in this case, the Denver market? Well, in our Utah case, the court acknowledged that there just wasn't... The record reflected that there wasn't forfeiture attorneys, there wasn't attorneys that had a record of litigating and winning forfeiture cases. And so they said, I mean, they called it a national rate. But I don't know that we need to go there. I think what I would advocate for is the idea that you're simulating the market in a particular area of law. And in this case, there was not, at least on the government side, there wasn't. They weren't giving any evidence showing that the particular market in this area of law is X amount. We're on abusive discretion review with respect to these orders. Is that correct? Well, I don't think so. I mean, I think maybe broadly, but there would be two things I would kind of push back on that notion a little bit is that one, unlike the civil rights statutes, which a lot of the precedent discussed take place in that, this is not a discretionary statute. This is a mandatory statute. So I think that kind of colors the contours a little bit differently. But also, I think that with this case in particular, there's a number of actual legal issues that I think are reviewable de novo that underlie the district court's fee order. And in fact, there's the, generally speaking, if you have, you know, if the court is misconstruing facts or it makes a legal error in exercising their discretion, that is reversible legal error. But also, in the Beard versus Prescott case, I believe I cited, in particular, they pulled out a particular aspect of a fee order, which was deciding the hourly rate. And they actually said that that doesn't have an abusive discretion review. It has a legal, excuse me, de novo review. So the short answer to this question is there's many legal issues that do not get abusive discretion review. In this case, that's my decision anyway. So let me ask you, let me ask you a question about the issue you raise as to attorney travel expenses. And the government, I think, has claimed that you waived that. And so I'm going to give you a chance to address that up front, too. But what's your position as to the denial of your attorney travel expenses? It sounds like you're asking in particular regard to waiver. When I first moved for attorney's fees and costs, I asked for them as part of attorney's fees. And the court indicated that it thought they were costs and that it would be dealt with in due course through the clerk's taxation costs, et cetera. And so when the court finally made it, didn't make a final decision on those particular items until it affirmed the clerk's taxation of the costs. And at that point, that's when the issue became final. And from the beginning to my appellate in the district court to my appellate briefing, my position was always they should be awarded either as a fees or as costs. And so I don't think there's a waiver there. And in terms of the substantive argument about whether or not they're awardable, as I said, I think that 2465 can be and should be interpreted as not limiting winning claimants to just purely statutory costs in 1920. But and also that, as I said, I mean, there's cases in this circuit that say that exactly those types of expenses should be awarded as attorney fees. So, you know, I think that, again, going back to the purpose of CAFRA and here's perhaps a good example of why the particular case matters is that, you know, Congress wanted winning claimants to be made whole, you know, and in every case, you know, if an attorney going to a deposition, you know, that's that's something the client normally pays for. That's a pretty reasonable necessary cost. If that doesn't get reimbursed, then the claimant is not made whole. And I think that's a pretty compelling reason to award it one way or another. And so I hope I adjust your. Yeah, no, that's great. I just wanted to sort of tee up this waiver issue for the government, because it seems to me that the district court told you how to proceed on that. And you didn't really have a choice. You had to do what you were told by the district court. And I wanted to address the waiver issue in that context. But I'll take that up with with Mr. Shock. But I also wanted to give you a chance to talk about your double counting issue on when you're I think you sort of are suggesting that there was double counting by the district court in reducing your fees or your costs. That they were that the district court first reduced it by the percentage that you won and then also gave an offset. Am I was I reading your position right on that? I'm not sure I understand what you meant by the offset. But I think one thing that I would call double counting would be the fact that the judges district judge was going through pretty in a detailed manner and pulling out certain things that she thought you spent too much time on that. She spent too much time on this. But then on top of that, she's making these blanket reductions. And it seems that if if you're able to see that, you know, on this particular thing, I shouldn't have spent that much time. Then why on top of that, are you sort of making a blanket reduction? And was that blanket reduction based upon skill? I mean, I think that that the Supreme Court might say that that would be the effect. Was it sort of isn't that the reason the district court gave to reduce my hours? Right. I think the district court indicated that my lack of skill warranted a reduction in hourly rate. I think in terms of the hours, the district court opinion seems to indicate that the reduction was that these things didn't need to take that long. I did. I guess I did. It's a little bit unclear, but I guess I did in her opinion. I did some sloppy billing, but I guess what I guess my point was that it wasn't sloppy enough so that she could go through and see what I spent too much time on. So it seems to be kind of like having it both ways. And I'm not sure if I got to the exact question that your honor, Judge Carson, that you were you were asking, but I do see that I'm out of time. No, that's that's close enough. So I'm going to get I'm going to give you a minute of rebuttal. So if you want to reserve it, we'll cut it off right here. OK, thank you very much. OK. All right. Good morning, and may it please the court. I'm Carl Shaw, representing the United States. That the statute here says that when that when a claim is substantially prevails, the United States shall be liable for reasonable attorney's fees. And all parties agree here that the lodestar calculation should be used in determining what a reasonable amount of attorney's fees are. And so I think that in terms of determining the reasonableness of the fees, this case fits firmly within this court's precedent with respect to attorney's fees. And on that point, with respect to the reasonableness of attorney's fees, that's one of the areas in which a district court exercises the greatest discretion. And there's a reason for that. And that's because the district court who sat through, in this case, three years of litigation and a three day trial is in the best position to assess the course of litigation, the quality of counsel and determine what is fair and reasonable under all those circumstances. Mr. Shaw, can I ask you a question specifically about the request that plaintiff made for post or the claimant made for post trial, the fees on fees, the request for fees for seeking fees. Has our circuit adopted a rule that a district court may deny a request like that just on punitive grounds, just as a disincentive for attempting to secure what the court thinks is an unreasonable fee. Do we have a rule like that in our circuit? This court has not actually adopted that rule. In case it noted that four other circuits have adopted that rule. And what it was talking about in case was actually the possibility that the court might deny all fees for the entire case where it's outrageously excessive. Here we have something well short of that, which is specifically the fee motion itself. And I think it's significant that here what the court was doing big picture was essentially looking at a situation where the claimant was asking for $520,000 for the recovery was 93,000. And looking to a piece that it could slice off that were things that essentially gotten completely out of hand. And I think it's Mr. If you agree that we don't have the case doesn't support that it suggests it as the district court said but it doesn't establish that rule that we do have precedent that says the district court has to evaluate the fees on fees request under the same standards employed and evaluating pre trial and trial time. Isn't that right and the district court doesn't didn't seem to actually engage in that analysis here. I think that. So, yes, we do have that precedent that says that the fees on fees is is analyzed under the same reasonable standard. I think it's also significant that when we're talking about the total number of hours on that this court has also said that that should be an overall estimate based on the courts overall assessment of the suit. I think that here what we have is a particular piece of the lawsuit that I think it's significant the court didn't make any kind of across the board deduction, with respect to the things that actually led up to the verdict itself. And it looked at this piece which again, I just want to emphasize, there was approximately $75,000 being requested for the fee litigation itself on a on a case where the recovery was 93,000. And so, yes, we don't have specific precedent from this court adopting that rule we have a case law suggesting it in case. But I think that again if we're looking at the overall big picture where the court's goal is again to do quote rough justice, not precision, that this was a reasonable thing to do and certainly not an abuse of discretion. Given all of the circumstances in that case. Now, the other place that I would like to hit on is with respect to the hourly rate. And this court has said that the district court exercises broad discretion and determine a reasonable hourly rate, and it's determination will be upheld so long as it's determination is grounded in some market evidence. And a point I want to highlight here is that there's been a lot of focus in this case in the district court and here on the skill or performance of claimants counsel. But I think one thing to emphasize that the district court didn't dock that hourly rate based on the performance of counsel. What it awarded was essentially the median local rate for attorneys of claimants counsel's years of experience, based on the evidence before. So all of the talk about performance and skill was simply the conclusion that counsel's performance and the nature of the case did not warrant a premium rate. And on that point, it really boils down to the district court's finding that the case could have been handled by local Colorado Council, which was a point, by the way, that the claimants sole Colorado declarant agreed with. And if this case could have been handled by local Colorado Council, then this court's case was clear that local rates apply and all of claimants declarations about the national rates are really irrelevant. And on that particular point, as to whether this case could have been handled by local counsel, the district court, who again sat through this entire case, rejected the view that no Colorado attorney could have handled the case. The government noted that there were more than 30 forfeiture cases in the District of Colorado handed by Colorado Council. And the claimants sole Colorado declarant again agreed with the government's declarant in this case could have been handled by Colorado Council. So once we get that point, we're looking only at local rates. And as to what those rates were, claimant didn't present any evidence in his opening brief about what the local rates were. He was focused solely on the national rates. But even if we can look to what he did with his reply, what we have then is competing declarations. And with those competing declarations, the district court did exactly what this court instructed it to do in case, which is it analyzed it based on its own assessment of the case and it adopted the one that it deemed most reasonable under all of the circumstances. That wasn't an abuse of discretion. The district court explained why it found Ms. Cohen's declaration more credible or more justifiable than the claimant's declaration and it explained its decision. Mr. Shock, let me let me ask you a question about about the cost award and that and that and the reduction, the awarding the I think 82%. So in this case, there was evidence that pre trial, the case could have been settled for basically what the government received. Would it have been within the district court's discretion to give Mr. Birch's client a bump in the amount of costs they were able to recover, based on the fact that the government unreasonably refused to settle the case and then and then didn't didn't, you know, exceed what the what the settlement amount was. So, so I think there's two places and I'm not sure which one you're asking about. First of all, I, I don't think that it would have been appropriate within the lodestar calculation to essentially punish the government for not settling by by just giving him a bump in those rates, where I think that it may come into play is with. I'm not I'm not talking about. I'm not talking about rates, I'm just talking about the percentage where where they say okay we're just going to we're just going to do it at 218 government, you get 18%. And, but I mean I guess the converse could have been I could have asked my question in the converse would have been appropriate for the for the court to say, Mr shock, you don't get any costs, because you could have settled this for the same amount, and you forced a trial on it. Yes, so, so specifically with respect to that deduction which is under the statute, it says that if judgment is centered in part for the claimant and part for the government, the court shall reduce the award of costs and attorneys fees accordingly. I am not suggesting that in every case that has to be the mathematical calculation that the district court said here, I agree that the word accordingly provide some discretion to the district court as to how much the awards should be reduced. And so yes and if in this case the court said, you know, looking at everything together. In fact, your success was greater than 82%, then perhaps the court could have done the lesser deduction or somewhere in between I think there's discretion there. My point is that what the court had before it was all of these facts, and essentially once he went to trial. The full amount was in dispute. And the court determined that that based on all that, and at to 18 deduction was a reasonable way to do it, and that may not have been the only way, but it wasn't an abuse of discretion for the district court to make that determination. Just following up on on on the on some costs issues. Why is it consistent with the plain language of CAFRA for the government to recover any costs at all in this case, because I think that that CAFRA speaks to one issue, which is the cost of the. And I think that it very clearly awards costs to a substantially prevailing claimant, and that's the issue that it's dealing with what it says nothing about is cost to the government when the government is a prevailing party and I understand under marks, you don't need that right you don't need the silence is not dispositive. Correct silence does not displace the general rule under marks the general rule which is in rule 54, and the statute 2412 that says a prevailing party gets their costs. And so with respect to, I guess, you may be asking about two, two things but with respect to the claimants costs, then yes I would agree that that part within CAFRA would be superfluous because already the prevailing party would be entitled to get their costs under rule 54, or 2412 marks has said that's okay. With respect to the government getting its costs on what Mark says that this rule, which doesn't say anything about the government's costs doesn't displace that general rule when the government is the prevailing party. Now I understand there's a dispute about whether the government was the prevailing party here. But I think that what we have here essentially if you look at this the government was essentially suing for $114,000 I know that simplifies it a little bit, but the government was suing for $114,000 and 121,000. It was a prevailing party as that 21,000 the court substantially cut those costs back to 18% of it again it, it ended up being $896. But I think that what Mark says is that general rule applies unless it's displaced. And I don't think that 2465 does anything to displace that general rule with respect to the government's costs. Now, I spoke a little bit about the hourly rate and why I think that the declarations about the national forfeiture rates do not apply here. And by the way, the fact that a Utah court, of course held otherwise certainly wasn't buying on the discord the discourse finding here was that this case could have been handled by Colorado Council, the remaining, and that that is the biggest chunk of the reduction from the ultimate amount that was requested down. The remaining amount comes down to some specific reductions in hours we've talked about the wholesale reduction for the fees on fees, which I think comes from kind of the overall big picture of how much was being asked in that amount, the remaining amounts that that claiming essentially quibbles with pieces here and there are exactly the kind of thing that falls within the discretion of the court. One last point that I'd like to make and I'm not sure exactly where this may be fits within the Lodestar analysis, but I think it's significant when we talk about making the claimant whole. And that's that we know what the actual contingency fee agreement was in this case, and it's at volume for page 805 is the declaration from claimants Council, and the contingency fee agreement here was that Council was to recover 40% of the recovery, plus a fixed fee of $6,000. And then the claimant is reimbursed 33% of the actual attorneys fee award. So one point I just want to make clear is that the claimant under the terms of that contingency fee agreement has been made whole entirely. And so what we're talking about here is an award to the attorneys that exceeds what was at issue in that contingency fee agreement. So, I mean, does that does that matter. I mean, for our analysis. I don't think or is that or is that just going to make us feel feel good about ruling for you. I think it could could arguably matter in two ways. One is to the extent the claimant is trying to go behind the statute and suggest there's something specific about making the claimant whole here. I'm just making the point that the claimant has been made whole. The second point is, there's been some discussion about the way the contingency, the contingent nature of the fee should affect the fee or should affect the market rate. And I'm just saying that if we're talking about that and we're talking about what is the market rate for a contingent attorney, we actually know what the market agreement was for a contingent attorney in this case but but ultimately I agree. It's an analysis of what is a reasonable market rate, and what is a reasonable number of hours, but but we have, we have Supreme Court ruling right on point that says we can't consider the contingent rate factor. It doesn't matter. Yes, yes, I agree with that. So, in sum, I would just say the district court here carefully consider the party's evidence of the market rate chose the one it being the most credible it carefully analyze the reasonableness of the hours give specific reasons for each of the deductions it's made. And therefore it's resulting calculation and award of the load star amount was not an abuse of discretion. And so the government requests that the attorneys be award and costs award be affirmed. Thank you, counsel. Mr. Birch I think you had a minute 16 left. Yes, if I could seize on a couple of those points. One that there was no evidence in my attorneys fee motion about the local rates, but actually I put included the laughing matrix with the judicial council local rate percentages. And so I did have evidence about the Denver market in my initial motion and that evidence, which was ignored reflects a much higher hourly rate than what I was awarded. The second part. So, so was it was it was it ignored or was it just rejected. I there's a there's a difference. I mean, we don't have anything on this record that shows that the district court just decided she wasn't going to consider it at all. Well, she never I'm sorry. She never mentioned the laughing matrix, and she never mentioned that evidence, which I put in my emotion. The only thing that she actually acknowledged that I had as evidence was my declaration from Mr. Lane, the local civil rights attorney. So, in my view, she did ignore it. The other point that I that I'd like to make on the hourly rate is Mr. Shock said that that my performance didn't play any part in the hourly rate. And I very much disagree with that. The district court adopted Miss Cohen's opinion about the hourly rate and she specifically said, Mr versus hourly rate should be 275 for legal services. I reduced the hourly rate from 300 because of the issues described above the issues described above of course was that was a crummy attorney. Then the last quick comment is, is this idea that with the awards, quote, rough justice should be done. And again, I think that it pushes me back to the purpose of Capra is to prevent government abuse. And so, in a case like this, if you look at the legislative history. This is exactly the type of government abuse that Capra was trying to stop. And I think the fee award. Is your point here, then, that you should be awarded whatever you ask for. My point is that I think that the district court should be required to look at the prosecutors conduct should be required to look at settlement offers that were made and rejected, made and rejected, if they are relevant, and if they're supported. And I think I like I urged the court in my briefs to to make a rule like that for forfeiture cases in particular, and I would, I would urge it here. Thank you counsel you're out of time. Thank you. The case will be submitted and counselor excuse.